### DANIELS *v.* STATEN ISLAND RAPID TRANSIT R. CO.

(*Supreme Court, General Term, Second Department.*   December 10, 1889.)

RAILROAD COMPANIES—INJURIES TO PERSONS ON TRACK—INSTRUCTIONS.
   In an action against a railroad company for the killing of plaintiff's intestate, caused by defendant's alleged negligence in not having a head-light on its locomotive, a verdict in plaintiff's favor on conflicting evidence will not be disturbed where the question respecting the light was submitted to the jury in the following language: "Was it because there was no head-light that he did not discover the train, and thus avoid the accident?  If you are satisfied of that, then the defendant was negligent; and if the plaintiff was free from negligence the defendant is liable."

Appeal from circuit court, Richmond county.
Action by Catherine P Daniels, as administratrix of John W. Daniels, deceased, against the Staten Island Rapid Transit Railroad Company, for the alleged negligent killing of her intestate.   From a verdict and judgment in

plaintiff's favor, and an order denying defendant's motion for a new trial, it appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Tracy, MacFarland, Boardman & Platt,* for appellant. *De Groot, Rawson & Stafford,* (*Sidney F. Rawson,* of counsel,) for respondent.

DYKMAN, J. This is an appeal from a judgment and order denying a motion for a new trial in an action for the recovery of damages for causing the death of the intestate, husband of the plaintiff. The testimony presented the usual questions which arise in this class of cases, and the principal accusation against the defendant was the absence of lights sufficient to enable the deceased man to discover the approach of the train that caused his death. The evidence made a case for the consideration of the jury, and the charge of the trial judge laid a burden upon the plaintiff of which the defendant can make no complaint. The attention of the jury was very pointedly directed to the question of lights in the following language: "Was it because there was no head-light that he did not discover the train, and thus avoid the accident? If you are satisfied of that, then the defendant was negligent; and if the plaintiff was free from negligence the defendant was liable." Under that charge it may well be assumed that all other questions of negligence on the part of the defendant were eliminated from the consideration of the jury, and the defendant was found guilty of negligence respecting the head-light of the locomotive engine, and that the intestate of the plaintiff was found free from negligence in all respects. Such a finding leaves but small scope for the action of an appellate court. The testimony respecting the lights was quite conflicting. The accident occurred at a highway crossing, and trains from opposite directions were run over the crossing very nearly at the same time.

We do not therefore feel at liberty to interfere with the verdict of the jury, and the judgment and order appealed from should be affirmed, with costs. All concur.